UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

ANDREA HAWKINS,

    Plaintiff,

v.                          Civil Action No. 12-264 (GK-DAR)

POTOMAC LIGHTHOUSE PUBLIC
CHARTER SCHOOL,

    Defendant.

---

## MEMORANDUM OPINION

Plaintiff Andrea Hawkins seeks to collect attorneys' fees and costs incurred in bringing an administrative action under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, et seq. Defendant is Potomac Lighthouse Public Charter School ("Potomac").

On January 17, 2014, Magistrate Judge Robinson issued a Report and Recommendation recommending that both Plaintiff's Motion for Summary Judgment [Dkt. No. 26] and Defendant's Cross-Motion for Summary Judgment [Dkt. No. 27] be granted in part and denied in part. On January 30, 2014, Defendant filed Objections to the Report and Recommendation [Dkt. No. 33], and on February 14, 2014, Plaintiff filed a Response to Defendant's Objections [Dkt. No. 34].

Upon consideration of the Objections, Response, the Report and Recommendation, and the entire record herein, and for the reasons stated below, the Report and Recommendation is **adopted in part**, Plaintiff's Motion for Summary Judgment is **granted in part and denied in part**, and Defendant's Cross-Motion for Summary Judgment is **granted in part and denied in part**.

I. **BACKGROUND**[1]

On September 5, 2010, Plaintiff filed a due process complaint on behalf of her minor daughter, A.H., against Defendant and the Office of the State Superintendent of Education ("OSSE"). The complaint raised five issues, two of which concerned the provision of free appropriate public education ("FAPE") during the 2008-2009 school year.

On October 12, 2010, Plaintiff and Potomac reached a settlement on the claims related to the 2008-2009 school year. The settlement agreement specified that Plaintiff would withdraw all claims against Potomac and Potomac would provide compensatory education, including independent tutoring, a semester of dance class, and summer camp. In addition, Potomac agreed to pay "reasonable and documented attorneys' fees related

---

[1] Unless otherwise noted, the facts set forth herein are drawn from the Parties' Statement of Material Facts as to Which There Is No Genuine Issue submitted pursuant to Local Civil Rule 7(h)(1).

-2-

to the issues surrounding the provision of FAPE for the 2008-2009 school year and incurred as of August 27, 2010." Pls.' Mot. at Ex. 2, at 2 [Dkt. No. 26-2, at 26]. Potomac proceeded with a due process hearing against OSSE on its other claims.[2]

On November 24, 2010, Plaintiff's attorney submitted an invoice to Defendant requesting $7,191.54 in fees and costs. Defendant reimbursed Plaintiff's attorney $1,377.33, but disputed the remaining balance of $5,814.21. Plaintiff then filed a claim in the Small Claims and Conciliation Branch of the Superior Court of the District of Columbia seeking $5,000 in additional fees. Statement of Claim [Dkt. No. 1, at 6].

On February 16, 2012, Potomac removed the action to this Court [Dkt. No. 1]. On March 2, 2012, this case was referred to Magistrate Judge Deborah A. Robinson for full case management [Dkt. No. 6]. On April 16, 2012, Magistrate Judge Robinson denied Plaintiff's Motion to Remand [Dkt. No. 12].

On February 22, 2013, Magistrate Judge Robinson issued a Report and Recommendation [Dkt. No. 21] recommending that Plaintiff's Motion for Summary Judgment [Dkt. No. 14] be granted in part and denied in part and Defendant's Cross-Motion for Summary Judgment [Dkt. No. 16] be denied in part. On March 8,

---

[2] The record does not reflect the results of that hearing or what fees, if any, Plaintiff recovered from OSSE.

2013, Defendant filed Objections [Dkt. No. 22] to that Report and Recommendation and Plaintiff did not file a Response to those Objections.

Before the Court resolved the Objections, it came to the Court's attention that Plaintiff had sought fees arising from the same administrative proceeding in another case, before a different Judge on this bench, Moore v. Dist. of Columbia, Case No. 12-1704. On March 29, 2013, the Court denied without prejudice both Plaintiff's Motion and Defendant's Cross-Motion and ordered counsel for Plaintiff to file a declaration clarifying the nature of the fees sought in the two cases [Dkt. No. 24].

On April 8, 2013, Plaintiff's counsel filed a Response indicating that this action sought fees under the settlement agreement between these parties, whereas the fees at issue in Moore arose from the hearing that occurred on Plaintiff's claims against OSSE subsequent to that agreement [Dkt. No. 25].

On May 6, 2013, the parties filed renewed Motions for Summary Judgment [Dkt. Nos. 26, 27]. On January 17, 2014, Magistrate Judge Robinson issued a Report and Recommendation recommending that both Plaintiff's Motion for Summary Judgment [Dkt. No. 26] and Defendant's Cross-Motion for Summary Judgment [Dkt. No. 27] be granted in part and denied in part. Defendant's

Objections to that Report and Recommendation are now ripe for review.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72 and Local Civil Rule 72.3, this Court reviews objections to the factual findings and legal conclusions of a Magistrate Judge's Report and Recommendation de novo. See Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); Local Civ. R. 72.3(c) ("A district judge shall make a de novo determination of those portions of a magistrate judge's findings and recommendations to which objection is made[.]").

## III. ANALYSIS

The Court will address each of the four objections raised by Defendant in turn.

First, Defendant argues that Plaintiff should be denied all additional fees because Plaintiff failed to avail herself of a substantial amount of the compensatory education obtained in the settlement agreement.

It is undisputed that A.H. availed herself of a significant portion of the compensatory relief obtained. See Def.'s St. of Material Facts, at ¶ 13 (acknowledging that Plaintiff used 60 hours of tutoring) [Dkt. No. 27-2]. Moreover, the fact that A.H.

-5-

did not avail herself of all the relief obtained does not affect Plaintiff's counsel's success in obtaining that relief. There is no precedent that supports denying Plaintiff's counsel fees for its work on this basis.[3] Thus, Defendant's objection is **overruled**.

Second, Defendant objects to the Magistrate Judge's failure to address its argument that Plaintiff should be denied reimbursement of $17.00 for faxing a due process complaint to OSSE on August 2, 2010. Plaintiff did not address this argument in her summary judgment papers, nor in her response to Defendant's Objections.

Significantly, the Court finds that Plaintiff counsel's filings indicate they are also seeking this fee in its entirety from OSSE in the Moore case. See Pls.' Response to Ct.'s Order of March 29, 2013, Ex. 1, at 27 (seeking $17.00 for "Facsimile compaint [sic] to Carmela Edmunds/OSSE" on August 2, 2010, the identical entry sought in this case). [Dkt. No. 25-1]. Thus, Plaintiff's request is duplicative and should be denied. See Report and Recommendation, at 16 (denying a time entry as

---

[3] The Court concurs with Judge Robinson's conclusion that the analysis in E.M. v. Marriott Hospitality Pub. Chartered High Sch., 541 F. Supp. 2d 395 (D.D.C. 2008), is inapplicable to the very different facts and procedural history of this case.

duplicative). Defendant's objection regarding the $17.00 fax fee is **sustained**.

Third, Defendant argues that the Magistrate Judge inappropriately permitted fees for three time entries that reflect work done on issues unrelated to the provision of FAPE for the 2008-2009 school year. Those entries are: 1) a May 11, 2010 entry for .42 hours, described as "Discussion with Kevin Cater, educational advocate, RE the status of the case and the result of the last meeting and what the team decided;" 2) a June 8, 2010 entry for .17 hours, described as "Phone call to parent to check status of student and whether there were any issues of concern with the student or school that needed to be addressed;" and 3) a July 14, 2010 entry for .5 hours, described as "Conference and discussion with the parent regarding the withdrawal of the complaint due to newly discovered issues that were not brought in the initial complaint." Def.'s Cross-Motion, Ex. 4, at 5, 7 [Dkt. No. 27-3, at 28, 30].

The Court finds that the entries demonstrate a "sufficient temporal proximity" to the underlying proceeding, particularly because these entries predate the settlement agreement in this case. Jones v. Dist. of Columbia, 859 F. Supp. 2d 149, 156 (D.D.C. 2012). It was perfectly appropriate for counsel to consult with Plaintiff and others about the status of the claim

while it was pending. Thus, Defendant's objection to these three time entries is **overruled**.

Fourth, Defendant argues that the Magistrate Judge inappropriately permitted fees for two time entries that reflect clerical work. Those entries are: 1) a portion of the December 8, 2009, entry for .58 hours, described as "Drafted letter to parent, prepared file jacket, and disseminated file information to various member [sic] of the legal team;" and 2) an April 23, 2010, entry for .58 hours, described as "At the request of the attorney, drafted letter to parent re New Attorney Introduction and status update." Def.'s Cross-Motion, Ex. 4, at 1, 3 [Dkt. No. 27-3, at 24, 26].

The Court finds that billing for time spent communicating with clients is not clerical and is appropriate. See Parks v. Dist. of Columbia, 895 F. Supp. 2d 124, 134 (D.D.C. 2012) (finding that fees related to client communications were reasonable and allowable); Rapu v. Dist. of Columbia Public Schools, 793 F. Supp. 2d 419 (D.D.C. 2011) (same). In addition, the Court finds the amount of time billed for these tasks was reasonable.

Defendant argues that Magistrate Judge Robinson lacked a basis for concluding that fees for the December 8, 2009, entry were reasonable, because the entry does not specify how much

time was spent on client correspondence and how much was spent on two clerical tasks. The Court notes that the total amount Plaintiff will recover for that entry is less than a third of the amount it initially sought -- only $22.62.[4] The Court finds this amount reasonable. See Fox v. Vice, 131 S. Ct. 2205, 2216 (2011) ("The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time."). Thus, Defendant's objections to these time entries are **overruled**.

## IV. CONCLUSION

For the reasons set forth above, the Report and Recommendation of January 17, 2014 [Dkt. No. 32] is **adopted in part**, Plaintiff's Motion for Summary Judgment [Dkt. No. 26] is **granted in part and denied in part**, and Defendant's Cross-Motion for Summary Judgment [Dkt. No. 27] **is granted in part and denied in part.**

---

[4] Plaintiff originally sought $75.40 for this entry. The billed rate, $130, was reduced to 75% of the Laffey matrix, and then an additional 20% reduction was applied because Plaintiff failed to provide any information about the time-biller in question. Report and Recommendation, at 15. In addition, the entry was reduced by half because Plaintiff failed to refute the argument that the entry reflected work done on the general complaint, only half of which applied to Potomac. Id. at 18-19. Defendant did not object to either of those findings.

An Order shall accompany this Memorandum Opinion.

February 25, 2014

/s/ Gladys Kessler
Gladys Kessler
United States District Judge

**Copies to:** attorneys on record via ECF